Dear Mayor Henagan:
This office is in receipt of your request for an opinion of the Attorney General in regard to the validity of ordinances of the City of DeQuincy relative to restrictions in its designated "residential district". It is our understanding that certain property owners want to place a mobile home on property they own in a residential section and feel that it is unconstitutional to restrict what a person does with his property unless he has agreement of neighbors within 200 feet.
One ordinance restricts "tents, house trailers and automobile trailers" from being used for dwelling purposes within the city unless special permission is given by the council. It is further provided by ordinance that in the residential district no building or premises shall be used, and no building erected or altered, except for the following uses:
(1) Private and two-family dwellings.
(2) Multiple dwellings.
(3) Lodging houses and boardinghouses.
(4) Hospitals.
(5) Schools.
(6) Churches.
(7) Libraries
 (8) Accessory buildings conforming to * * * ordinances * * * and uses incident to any of the above uses * * *.
 (9) Institutions of an educational, philanthropic and eleemosynary nature.
(10) Nurseries and greenhouses.
 (11) Any other similar uses permitted by the zoning commission of the city (town), provided property owners within 200 feet shall file their written consent.
Under R.S. 33:4721 the city council is given authority to regulate use of buildings and lands. It provides in part as follows:
 For the purpose of promoting health, safety, morals, or the general welfare of the community, the governing authority of all municipalities may regulate or restrict * * * the location and use of the buildings, structures, and land for trade, industry, residence, or other purposes.
This office has concluded this statute clearly grants the governing authority the power to regulate the location of mobile homes. Atty. Gen. Op. Nos. 91-467, 85-732. However, as observed in the Atty. Gen. Op. No. 91-467, in order for the governing authority to avail itself of the power to regulate or restrict location and use of structures and land, recommendation must come from the zoning board inasmuch as R.S. 33:4726 provides that "the municipality shall appoint a zoning commission whose function shall be to recommend * * * restrictions and regulations to be enforced therein, and any supplements, changes or modifications thereof." The statute further provides for notice, hearings, and a report.
Moreover, in the Atty. Gen. Op. No. 91-467 this office stated, in response to the inquiry if the ordinance regulating location of mobile homes infringed upon the rights of both property owners and individuals unable to afford other means of housing, that "there are no constitutional problems associated with the ordinance's treatment of low income individuals or property owners", and found "the municipality need not demonstrate a specific justification for the law, but rather the challenge must show that the basis `could not reasonably be conceived to be true by the governmental decision maker'." Accordingly, this office concluded, "A desire to protect the property values of surrounding homeowners, as well as maintaining some control over the appearance of the town are legitimate governmental interests sufficient to withstand scrutiny."
We find no reason to change the conclusion of this office that the governing authority clearly can regulate location of mobile homes.
However, we feel a ambiguity exists in the zoning ordinances. While the ordinance permits, in addition to the list of buildings allowed in the residential section, "any other similar usespermitted by the zoning commission of the city (town) provided property owners within 200 feet shall file their written consent", we feel this conflicts with the Section that specifies that house trailers "shall not be used for dwelling purposes within the city unless special permission is given by the city (commission) council." By reading these ordinances as a whole, we do not see how the zoning commission can recommend permission for use of a house trailer, whether there is written consent by property owners or not, as a similar use under paragraph eleven of the ordinance in light of the prohibition against house trailers as dwellings in the city limits.
Moreover, the exception to the prohibition of house trailers or tents in the city limits that "special permission is given by the city (commission) council" is not clear as to who grants the special permission, and some standard must be articulated to insure that the permission is not on an arbitrary basis.
We have been informed that a revision of the zoning ordinances is being considered, and we feel this apparent inconsistency should be addressed.
Additionally, we feel it is pertinent to note that R.S. 33:4727
allows for appointment of a board of adjustment who shall hold public meetings and hear appeals by any person aggrieved by any officer, department, board or bureau of the municipality, and further establishes the procedure if aggrieved by a decision of the board of adjustment, they may be considered as useful for the problem.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: September 17, 1997
Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General